REGAN, Judge.
Plaintiff, Excel Finance-Mid-City, Inc., the payee of a promissory note dated March 11, 1956, in the amount of $300. instituted this suit against the defendants Clarence Chatagnier[1] and E. B. Fendley, as co-makers, endeavoring to recover a balance due thereon amounting to $262.29, plus interest and attorney’s fees.
Only the defendant Fendley answered and admitted execution of the note as comaker and that the balance due thereon amounted to the sum of $262.29, but asserted in defense of the suit that his signing of the note as co-maker was predicated on the condition that the plaintiff would simultaneously secure and record a chattel mortgage on Chatagnier’s 1956 Mercury sedan.
From a judgment in favor of plaintiff and against the defendant as prayed for, defendant has prosecuted this appeal.
The record reveals that Fendley testified that when the loan was completed he received therefrom $165.00 and the balance was paid to Chatagnier; however, he insisted that plaintiff’s manager assured him that a chattel mortgage on Chatagnier’s automobile would be secured and recorded; otherwise he would not have signed the note as a co-maker.
Plaintiff’s manager,[2] James H. Mutrie, in opposition thereto, asserted that his company had no intention of executing a chattel mortgage in its favor upon the automobile of Chatagnier, that they were satisfied with the security of their note provided by the defendant as co-maker thereof; and that the execution of a chattel mortgage was never even discussed with the defendant.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version *107 of the transaction and therefore concluded that at the time the note was executed it was not the intention of the parties thereto to confect a chattel mortgage in conjunction therewith.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony or by endeavoring to reconcile the respective litigants’ versions of the transaction. The trial judge accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is therefore correct. There exists no need for considering the validity of the defense urged upon us by the defendant since he has failed to prove it.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.

. Chatagnier was not served with citation and made no appearance herein either as a defendant or as a witness.

. He was manager when the transaction occurred; when he testified he was employed by the Aetna Finance Co.